# COURT OF APPEALS
## DECISION
## DATED AND FILED

## February 5, 2026

**Samuel A. Christensen**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP910-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2023CM230**

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

DANIEL JAMES BLANK,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Grant County: LISA A. RINIKER, Judge. *Reversed.*

¶1 KLOPPENBURG, J.[1] A jury found Daniel Blank guilty of knowingly violating a harassment injunction. On appeal, Blank argues that the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

evidence was insufficient to prove that he knowingly violated the injunction. More specifically, Blank argues that the State failed to prove that: (1) Blank committed an act that violated the terms of the injunction; and (2) Blank knew that his actions violated the terms of the injunction. In response, the State concedes that the evidence was insufficient to prove that Blank violated the "contact" prohibition of the injunction, which was the only theory that the State presented to the jury. Instead, the State argues that the evidence sufficed to prove that Blank violated the "avoid … any premises" prohibition of the injunction, which is a theory that the State newly raises on appeal. Based on the State's concession and my rejection of the State's new argument, I reverse.

## BACKGROUND

¶2 Blank was charged with knowingly violating a harassment injunction based on an incident that took place in August 2023. Pertinent here, the injunction ordered that Blank "avoid contacting the petitioner or causing any person … to contact the petitioner unless the petitioner consents in writing," and "avoid the petitioner's residence and/or any premises temporarily occupied by the petitioner."

¶3 A jury trial took place on January 2, 2024. At trial, the petitioner, Blank, and several other witnesses testified. In addition, the State introduced a video recording of the incident, taken from surveillance footage at the store at which the petitioner worked. The video recording shows that Blank entered the store and, within two minutes of entering the store, looked in the direction of the petitioner as she walked past him. Within three minutes after the petitioner walked past him, Blank completed his purchase of items at the checkout counter

2

and left the store. Blank did not know that the petitioner worked at the store when he entered the store.

¶4 In its opening, closing, and rebuttal remarks, the State argued that the injunction "prevent[ed] [Blank] from contact with" the petitioner and that the video recording of the incident shows that "there was contact." Blank argued that the video recording shows that "[a]t no point does [Blank] have any sort of contact with" the petitioner.

¶5 The jury convicted Blank of knowingly violating a harassment injunction. Blank appeals.

## DISCUSSION

¶6 Blank argues that the evidence was insufficient to show that he knowingly violated the injunction. The State concedes that there was not "sufficient evidence of contact to violate an injunction." Instead, the State argues that the evidence was sufficient "to support a violation of the injunction for failing to avoid a premises temporar[il]y occupied by" the petitioner.

¶7 Whether evidence presented to a jury was sufficient to sustain a verdict of guilt is a question of law that this court reviews de novo. *State v. Booker*, 2006 WI 79, ¶12, 292 Wis. 2d 43, 717 N.W.2d 676. In determining whether sufficient evidence was presented to sustain a jury verdict, "a reviewing court views [the] evidence most favorably to sustaining [the] verdict" and will sustain the verdict if there was any credible evidence to support it. *Outagamie County v. Michael H.*, 2014 WI 127, ¶21, 359 Wis. 2d 272, 856 N.W.2d 603.

¶8 The injunction ordered that Blank "avoid the petitioner's residence and/or any premises temporarily occupied by the petitioner." To "avoid" means to

"keep away from." *Avoid*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/avoid (last visited Feb. 2, 2026). The evidence is undisputed that Blank was not aware that the petitioner was working at the store before entering. Consequently, he had no reason to know that he might be violating the injunction when he entered the store, and, therefore, there was insufficient evidence to show that Blank knowingly violated the "avoid … any premises" term of the injunction when he entered the store.

¶9 I now turn to the question of whether there was sufficient evidence to show that Blank knowingly violated the "avoid … any premises" term of the injunction when he remained in the store for three minutes after the petitioner walked past him. The petitioner testified that she saw Blank enter the parking area and went behind the cash register to the office area at the back of the store. She testified that, while assisting another customer, she walked within one foot of Blank. The video recording shows Blank standing near the checkout counter when the petitioner walked past him, and could be viewed as showing Blank look in the petitioner's direction as she walked past him. Viewing the evidence most favorably to sustaining the guilty verdict, a reasonable jury could have found that Blank saw the petitioner when the petitioner walked past him, approximately one minute after he entered the store. The video recording then shows that Blank stayed in the store for three minutes after the petitioner walked past him, during which time he completed his purchase at the checkout counter and left. Even under the highly deferential standard that this court uses to determine whether sufficient evidence was presented to sustain the verdict, I conclude that there was insufficient evidence to show that Blank knowingly failed to "avoid … premises temporarily occupied by the petitioner," when he left the store within three minutes after the petitioner walked past him.

4

¶10   The State argues that Blank should have left the store immediately after he looked in the petitioner's direction as she walked past him, and that his failure to do so shows that he did not "avoid" the premises occupied by the petitioner. However, as noted, the video recording shows that Blank left within three minutes after the petitioner walked past him, no longer than necessary to complete his purchase at the checkout counter. The State fails to show that this evidence sufficed to sustain the verdict that Blank knowingly failed to keep away from the store when he did so.

## CONCLUSION

¶11   For the reasons stated, I conclude that there was insufficient evidence to support the verdict finding Blank guilty of violating the harassment injunction, and, therefore, the judgment of conviction is reversed.

*By the Court.*—Judgment reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.